# UNITED STATES BANKRUPTCY COURT

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

### 1. Services Available from Credit Counseling Agencies

With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis. The briefing must be given within 180 days before the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge. The clerk also has a list of approved financial management instructional courses.

### 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

#### Chapter 7: Liquidation ($220 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $274)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

#### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($150 filing fee, $39 administrative fee: Total fee $189)

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

IN RE: **Figueroa, Liza**                                                                    Case #:   **06-11344**

**Debtor**

2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

**3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:**

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

**Certificate of [Non-Attorney] Bankruptcy Petition Preparer**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial

_____                    _____
Printed name and title, if any, of Bankruptcy Petition Preparer

**Certificate of the Debtor**

I (We), the debtor(s), affirm that I (we) have received and read this notice.

**Figueroa,  Liza**

                                                               Signature:  /S/   **Figueroa,  Liza**_____
_____
Printed Name(s) of Debtor(s)

                                                               Signature:  /S/  _____
Case No. (if known) _____

Official Form 7    (10/05)

# United States Bankruptcy Court

### EASTERN District of PENNSYLVANIA, PHILADELPHIA, Division

re: Figueroa, Liza

Case #: 06-11344

# Statement of Financial Affairs

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name or address of a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child." See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

☒ None    **1. Income from employment or operation of business**

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                   SOURCE (If more than one)

---

☐ None    **2. Income other than from employment or operation of business**

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|--------|--------|
| 1,800  | 2006 SSI |
| 7,900  | 2005 SSI |
| 7,900  | 2004 SSI |

---

☐ None    **3. Payment of creditors**

a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|------------------------------|-------------------|-------------|--------------------|

---

☒ None

b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,000. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

☒ None

c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

☒ None    **4. Suits and adminstrative proccedings, executions, garnishments and attachments**

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

---

☒ None

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

☒ None    **5. Repossessions, foreclosures and returns**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

☒ None    **6. Assignments and receiverships**

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

---

☒ None

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

☒ None    **7. Gifts**

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

---

☒ None    **8. Losses**

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OR CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---

☐ None    **9. Payments related to debt counseling or bankruptcy**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT NAME OR PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **John H. Croom, ESQ**<br>**1616 Walnut St., Suite 1908**<br>**Philadelphia, PA**<br>**19103** | | **900**<br>**Cash** |

---

☒ None    **10. Other transfers**

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE RELATIONSHIP TO DEBTOR | DATE | DESCRIBED PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

---

☒ None

b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME AND ADDRESS OF TRANSFEREE RELATIONSHIP TO DEBTOR | DATE | DESCRIBED PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

---

☒ None    **11. Closed financial accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

---

☒ None    **12. Safe deposit boxes**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR DEPOSITORY | NAME AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER IF ANY |
|---|---|---|---|

☒ None    **13. Setoffs**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

☒ None    **14. Property held for another person**

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

☒ None    **15. Prior address of debtor**

If debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATE OF OCCUPANCY |
| --- | --- | --- |

☒ None    **16. Spouses and Former Spouses**

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

☒ None    **17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENT UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

☒ None

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENT UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

☒ None

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENT UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

☒ None    **18.  Nature, location and name of business**

a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case. If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case. If the debtor is a corporation, list the names,

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINING AND ENDING DATES |
|---|---|---|---|---|

☒ None

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINING AND ENDING DATES |
|---|---|---|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)

☒ None    **19. Books, records and financial statements**

a. List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

☒ None

b. List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

☒ None

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

☒ None

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

☒ None    **20. Inventories**

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

☒ None

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

☒ None    **21 . Current Partners, Officers, Directors and Shareholders**

If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

☒ None

If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

☒ None          **22 . Former partners, officers, directors and shareholde**

If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

☒ None

b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

☒ None          **23 . Withdrawals from a partnership or distributions by**

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

☒ None          **24. Tax Consolidation Group.**

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

☒ None          **25. Pension Funds.**

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

| IN RE: **Figueroa, Liza** | Case #: | **06-11344** |
| --- | --- | --- |
| **Debtor** | | |

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date: _____     /S/  **Figueroa,  Liza**

**Figueroa,  Liza**

Date: _____     /S/ _____

| *Penalty for making a false statement or concealing property:* | Fine of up to $500,000 or imprisonment for up to 5 years or both. |
| --- | --- |
| | 18 U.S.C. Sec (152)  (3371) |

UNITED STATES BANKRUPTCY COURT
EASTERN District of PENNSYLVANIA, PHILADELPHIA, Division

| IN RE: **Figueroa, Liza** | Case #: | **06-11344** |
|---|---|---|
| **Debtor** | | |

See summary below for the list of schedules. Include Unsworn Declaration under Penalty of Prejury at the end.

GENERAL INSTRUCTIONS:- Schedules D, E and F have been designed for the listing of each claim only once. Even when a claim is secured only in part, or entitled to priority only in part, it still should be listed only once. A claim which is secured in whole or in part should be listed on Schedule D only, and a claim which is entitled to priority in whole or in part should be listed in Schedule E only. Do not list the same claim twice. If a creditor has more than one claim, such as claims arising from separate transactions, each claim should be scheduled separately.

Review the specific instructions for each schedule before completing the schedule.

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E and F to determine the total amount of the debtor's liabilities.

| Name of Schedule | Attached (Yes/No) | Number of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A-Real Property | Y | 1 | $70,000.00 | | |
| B-Personal Property | Y | 2 | $980.00 | | |
| C-Property Claimed as Exempt | Y | 1 | | | |
| D-Creditors Holding Secured Claims | Y | 1 | | $49,000.00 | |
| E-Creditors Holding Unsecured Priority Claims | Y | 1 | | $0.00 | |
| F-Creditors Holding Unsecured Non-Priority Claims | Y | 1 | | $14,610.00 | |
| G-Executory Contracts & Unexpired Leases | Y | 1 | | | |
| H-Codebtors | Y | 1 | | | |
| I-Current Income of Individual Debtors | Y | 1 | | | $2,109.00 |
| J-Current Expenditures of Individual Debtors | Y | 1 | | | $1,592.00 |
| Total Number of Sheets of All Schedules | | 11 | | | |
| Total of Assets | | | $70,980.00 | | |
| Total of Liabilities | | | | $63,610.00 | |

(Form 6 Summary)(10/05)

UNITED STATES BANKRUPTCY COURT
EASTERN District of PENNSYLVANIA, PHILADELPHIA, Division

| | |
|---|---|
| IN RE: **Figueroa, Liza** | Case #:    **06-11344** |
| **Debtor** | |

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES (28 U.S.C. § 159)

### [Individual Debtors Only]

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| Total of Liabilities | 0.00 |

**The foregoing information is for statistical purposes only under 28 U.S.C. § 159.**

IN RE: **Figueroa, Liza**                                                           Case #:    **06-11344**

**Debtor**

## S C H E D U L E      A  -  REAL PROPERTY

| Description of Property & Location | Nature of Debtor Interest in Property and Equity | H.W.J.C.I | Current Value of Debtor's Interest in Property without Deducting any secured claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **RESIDENCE**<br>**4217 Lawndale Ave.**<br>Memo | **$20,000.00** | J | **$70,000.00** | **$50,000.00** |

Total of all Real Property    **$70,000.00**    (Report also on Summary of Schedules)

Form B6B (Case) Case 06-11344-sr   Doc 14    Filed 04/27/06   Entered 04/27/06 15:38:57   Desc Main
IN RE: **Figueroa, Liza**                Document      Page 13 of 31              Case #:   **06-11344**

**Debtor**

# S C H E D U L E     B  -  PERSONAL PROPERTY

| ID | Type of Property<br>Location of Property | None | Description of Property | H W J C I | Current Value of Debtor's Interest in Property without De-ducting any secured claim or Exemption |
|---|---|---|---|---|---|
| 01 | **CASH ON HAND** | **None** | | N | |
| 02 | **DEPOSITS AT BANK**<br>**Wachovia** | | | I | **200.00** |
| 03 | **SECURITY DEPOSITS W /UTILITIES** | **None** | | N | |
| 04 | **HOUSEHOLD GOODS**<br>**4217 Lawndale Ave.** | | | I | **400.00** |
| 05 | **BOOKS PICTURES, ETC.** | **None** | | N | |
| 06 | **WEARING APPAREL**<br>**4217 Lawndale Ave.** | | | I | **300.00** |
| 07 | **FURS & JEWELRY**<br>**4217 Lawndale Ave.** | | **Necklace** | I | **80.00** |
| 08 | **FIREARMS & HOBBY EQUIPMENT** | **None** | | N | |
| 09 | **INTEREST IN INSURANCE POLICIES** | **None** | | N | |
| 10 | **ANNUITIES** | **None** | | N | |
| 11 | **INTEREST IN IRA, ERISA, KEOGH** | **None** | | N | |
| 12 | **STOCKS INCORPORATED BUSINESS** | **None** | | N | |
| 13 | **INTEREST IN PARTNERSHIP ETC.** | **None** | | N | |
| 14 | **GOVERNMENT, CORPORATE BOND** | **None** | | N | |
| 15 | **ACCOUNTS RECEIVABLE** | **None** | | N | |
| 16 | **ALIMONY, MAINTENANCE, SUPPORT** | **None** | | N | |
| 17 | **OTHER LIQUIDATED DEBTS** | **None** | | N | |
| 18 | **EQUITABLE & FUTURE INTERESTS** | **None** | | N | |
| 19 | **CONT/NON-CONTINGENT INTEREST** | **None** | | N | |
| 20 | **CONTINGENT LIQUIDATED CLAIMS** | **None** | | N | |

Form B6B (6.06)

IN RE: **Figueroa, Liza**

Case #:    **06-11344**

**Debtor**

| | | | |
|---|---|---|---|
| 21 | **PATENTS, COPYRIGHTS, ETC.** | **None** | N |
| 22 | **LICENCES, FRANCHISES, ETC.** | **None** | N |
| 23 | **AUTOMOBILES, TRUCKS, ETC.** | **None** | N |
| 24 | **BOATS, MOTORS, ACCESSORIES** | **None** | N |
| 25 | **AIRCRAFT & ACCESSORIES** | **None** | N |
| 26 | **OFFICE EQPT., FURNISHING ETC.** | **None** | N |
| 27 | **MACHINERY, FIXTURES EQPT. ETC.** | **None** | N |
| 28 | **INVENTORY** | **None** | N |
| 29 | **ANIMALS** | **None** | N |
| 30 | **CROPS-GROWING OR HARVESTED** | **None** | N |
| 31 | **FARMING EQUIPMENT** | **None** | N |
| 32 | **FARM SUPPLIES, CHEMICALS, ETC.** | **None** | N |
| 33 | **OTHER PERSONAL PROP ANY KIND** | **None** | N |

Total of all Personal Property    **$980.00**

IN RE: **Figueroa, Liza**                                                    Case #:    **06-11344**

**Debtor**

---

## S C H E D U L E      C  -  PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:

[ X ] 11 USC Sec 522(b)(1): Exemptions provided in 11 U.S.C. Sec 522(d).  Note:  These exemptions are available only in certain states.

[   ] 11 USC Sec 522(b)(2): Exemptions available under nonbankruptcy federal laws, state or local laws where debtor's domicile has been
located for the 180 days immediately preceding the filing of the petition or for a longer portion of the 180-day period than
in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent of the interest
is exempt from the process under applicable nonbankruptcy laws.

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Value of Property without Deducting Exemption |
|---|---|---|---|
| **RESIDENCE** | **11 USC 522(d)(1)** | **18,450.00** | **70,000.00** |
| **DEPOSITS AT BANK** | **11 USC 522(d)(5)** | **200.00** | **200.00** |
| **HOUSEHOLD GOODS** | **11 USC 522(d)(3)** | **400.00** | **400.00** |
| **WEARING APPAREL** | **11 USC 522(d)(3)** | **300.00** | **300.00** |
| **FURS & JEWELRY**<br>**Necklace** | **11 USC 522(d)(4)** | **80.00** | **80.00** |

Total Amount Claimed Exempt    **$19,430.00**

Form B6D (Off.

IN RE: **Figueroa, Liza**                                                        Case #:    **06-11344**

**Debtor**

---

### S C H E D U L E      D  -  CREDITORS HOLDING SECURED CLAIMS

[      ] Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Acct | | Value | **60,000.00** | Amount of Claim | **49,000.00** |
|------|--|-------|---------------|-----------------|---------------|
| Name | **Washington Mutual Home Loans Inc.** | Unsecured | **0.00** | Date Claim was Incurred | |
| | **11200 West Parkland Ave.** | Collateral | **Residence** | What for | **HOME MORTGAGE** |
| | **Milwaukee WI 53224** | | | Nature | **INDIVIDUAL** |
| | | | | | ☐ Co-Debtors |

Memo

CUD  ◯ Contingent  ⊙ Unliquidated  ◯ Disputed

None of the above claims is contingent, disputed, unliquidated, subject to          Total Secured Debt      **$49,000.00**

setoff, unless otherwise stated.          Total Number of Secured Creditors          **1**

IN RE: **Figueroa, Liza**                                                                     Case #:    **06-11344**

**Debtor**

---

## S C H E D U L E      E  -  CREDITORS HOLDING UNSECURED PRIORITY

[ **X** ] Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPE OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

[ ] **Extentions of credit in an involuntary case**    Claims arising  in  the  ordinary  course  of  the  debtor's  business  or  financial  affairs  after  the commencement  of  the  case  but  before  the  earlier  of  the  appointment  of  a  trustee  or  the  order  for  relief.    11 U.S.C. Sec 507(a)(2).

[ ] **Wages, salaries, and commissions**    Wages, salaries, and commissions, including vacation, severance and sick leave pay owing to employees, and commissions  owing to qualifying independent sales representatives up to $4,650* per person, earned  within  90 days  immediately  preceding the filing of the original petition, or the cessation of business, whichever occured first, to the extent provided in 11 U.S.C. Sec.507(a)(3).

[ ] **Contributions to employee benefit plans**    Money  owed  to employee   benefit  plans  for services rendered within  180  days  immediately preceding the filing of the original petition, or the cessation of business, whichever occured first, to the extent provided in 11 U.S.C.Sec.507(a)(4).

[ ] **Certain farmers and fishermen**    Claims  of  certain  farmers  and  fisherman,  up to $4,650* per  farmer or  fisherman,  against  the  debtor, as provided in 11 U.S.C. Sec.507(a)(5).

[ ] **Deposits by individuals**    Claims of  individuals up to $2,100* for deposits for the purchase, lease, or rental of property  or  services  for  personal, family, or household use, that were not delivered or provided. 11 U.S.C. Sec.507(a)(6).

[ ] **Alimony, Maintenance, or Support**    Claims of a spouse,  former  spouse, or child of  the debtor for  alimony, maintenance,  or support,  to the extent provided in 11 U.S.C Sec. 507(a)(7).

[ ] **Taxes and certain other debts owned to govermental units**        Taxes, customs  duties, and penalties  owing of  federal, state,   and  local governmental units as set forth in 11 U.S.C.Sec.507(a)(8).

[ ] **Commitment to Maintain the Capital of an Insure Depository Institution**        Claims based on commitments to the FDIC, RTC, Director of the Office  of Thrift  Supervision, Comptroller of the Currency, or Board of Governors of the  Federal  Reserve  System, or their  predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C Sec 507(a)(9).

* Amount are subject to adjustment on April 1, 2004, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

---

## S C H E D U L E      F  -  CREDITORS HOLDING UNSECURED CLAIMS

[  ] Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| | |
|---|---|
| Acct: | Amount of Claim   **300.00** |
| Name: **Becket Apocathery** | Date Claim was Incurred |
| **1000-4 Chester Pike** | What for   **MEDICAL SERVICES** |
| **Sharon Hill, PA 19079** | Nature   **INDIVIDUAL** |
| | ☐ CO-Debtors |
| Memo: | CUD   ○ Contingent ◉ Unliquidated ○ Disputed |

| | |
|---|---|
| Acct: | Amount of Claim   **1,200.00** |
| Name: **Chase Manhattan Bank** | Date Claim was Incurred |
| **P.O. Box 3529** | What for   **CHARGE CARD** |
| **New Hyde Park, NY 11042** | Nature   **INDIVIDUAL** |
| | ☐ CO-Debtors |
| Memo: | CUD   ○ Contingent ◉ Unliquidated ○ Disputed |

| | |
|---|---|
| Acct: | Amount of Claim   **300.00** |
| Name: **CHILDREN HOPITAL PF PHILADELPHIA** | Date Claim was Incurred |
| **34TH AND CIVIC CENTER BLVD** | What for   **MEDICAL SERVICES** |
| **PHILADELPHIA, PA  19104** | Nature   **INDIVIDUAL** |
| | ☐ CO-Debtors |
| Memo: | CUD   ○ Contingent ◉ Unliquidated ○ Disputed |

| | |
|---|---|
| Acct: | Amount of Claim   **300.00** |
| Name: **COMCAST CABLEVISION** | Date Claim was Incurred |
| **11400 NE AVENUE** | What for   **OPEN ACCOUNT** |
| **PHILADELPHIA PA  19115-1445** | Nature   **INDIVIDUAL** |
| | ☐ CO-Debtors |
| Memo: | CUD   ○ Contingent ◉ Unliquidated ○ Disputed |

| | |
|---|---|
| Acct: | Amount of Claim   **3,000.00** |
| Name: **Discover** | Date Claim was Incurred |
| **P.O. Box 15162** | What for   **CHARGE CARD** |
| **Wilmington, DE 19850-5162** | Nature   **INDIVIDUAL** |
| | ☐ CO-Debtors |
| Memo: | CUD   ○ Contingent ◉ Unliquidated ○ Disputed |

| | |
|---|---|
| Acct: | Amount of Claim   **700.00** |
| Name: **JC PENNY** | Date Claim was Incurred |
| **1120 BOYCE ROAD** | What for   **CHARGE CARD** |
| **PITTSBURGH, PA 15241** | Nature   **INDIVIDUAL** |
| | ☐ CO-Debtors |
| Memo: | CUD   ○ Contingent ◉ Unliquidated ○ Disputed |

Form B6F (cont.) Case 06-11344-sr Doc 14 Filed 04/27/06 Entered 04/27/06 15:38:57 Desc Main
Document Page 19 of 31

IN RE: **Figueroa, Liza**

Case #: **06-11344**

**Debtor**

| | | |
|---|---|---|
| Acct: | Amount of Claim | **2,000.00** |
| Name: **MBNA** | Date Claim was Incurred | |
| PO BOX 15137 | What for | **CHARGE CARD** |
| WILMINGYON, DE 19886 | Nature | **INDIVIDUAL** |
| | | ☐ CO-Debtors |

CUD
Memo: ○ Contingent ◉ Unliquidated ○ Disputed

| | | |
|---|---|---|
| Acct: | Amount of Claim | **2,500.00** |
| Name: **NAZARETH HOSPITAL** | Date Claim was Incurred | |
| PO BOX 7777W-0475 | What for | **MEDICAL SERVICES** |
| PHILADELPHIA, PA 19175 | Nature | **INDIVIDUAL** |
| | | ☐ CO-Debtors |

CUD
Memo: ○ Contingent ◉ Unliquidated ○ Disputed

| | | |
|---|---|---|
| Acct: | Amount of Claim | **1,000.00** |
| Name: **Orchard Bank** | Date Claim was Incurred | |
| P.O. Box 80084 | What for | **CHARGE CARD** |
| Salinas CA 93912 | Nature | **INDIVIDUAL** |
| | | ☐ CO-Debtors |

CUD
Memo: ○ Contingent ◉ Unliquidated ○ Disputed

| | | |
|---|---|---|
| Acct: | Amount of Claim | **220.00** |
| Name: **Pennsylvania Hospital** | Date Claim was Incurred | |
| P.O. Box 7777-W7435 | What for | **MEDICAL SERVICES** |
| Philadelphia PA 19175 | Nature | **INDIVIDUAL** |
| | | ☐ CO-Debtors |

CUD
Memo: ○ Contingent ◉ Unliquidated ○ Disputed

| | | |
|---|---|---|
| Acct: | Amount of Claim | **700.00** |
| Name: **PHILA. PARKING AUTH.** | Date Claim was Incurred | |
| 913 FILBERT STREET | What for | **Parking Fines** |
| PHILADELPHIA, PA 19107 | Nature | **INDIVIDUAL** |
| | | ☐ CO-Debtors |

CUD
Memo: ○ Contingent ◉ Unliquidated ○ Disputed

| | | |
|---|---|---|
| Acct: | Amount of Claim | **2,000.00** |
| Name: **R C Services** | Date Claim was Incurred | |
| P.O. Box 1638 | What for | **CONSUMER DEBT** |
| Mercer Island, WA 98040 | Nature | **INDIVIDUAL** |
| | | ☐ CO-Debtors |

CUD
Memo: ○ Contingent ◉ Unliquidated ○ Disputed

Form B6F (cont.)   Case 06-11344-sr   Doc 14   Filed 04/27/06   Entered 04/27/06 15:38:57   Desc Main

IN RE: **Figueroa, Liza**      Document    Page 20 of 31     Case #:   **06-11344**

**Debtor**

| | |
|---|---|
| Acct: | Amount of Claim **300.00** |
| Name: **St Christoper's Hospital For Childr** | Date Claim was Incurred |
| P.O. Box 641574 | What for **MEDICAL SERVICES** |
| Pittsburgh, Pa 15264-1574 | Nature **INDIVIDUAL** |
| | ☐ CO-Debtors |

Memo:          CUD    ◯ Contingent ◉ Unliquidated ◯ Disputed

| | |
|---|---|
| Acct: | Amount of Claim **90.00** |
| Name: **VICTORIA'S SECRET** | Date Claim was Incurred |
| PO BOX 65962 | What for **CHARGE CARD** |
| SAN ANTONIO, TX 78265 | Nature **INDIVIDUAL** |
| | ☐ CO-Debtors |

Memo:          CUD    ◯ Contingent ◉ Unliquidated ◯ Disputed

None of the above claims is contingent, disputed, unliquidated, subject to setoff, unless otherwise stated.

Total Unsecured Debt **$14,610.00**
Total Number of Creditors **14**

IN RE: **Figueroa, Liza**

**Debtor**

**S C H E D U L E      G  -  EXECUTORY CONTRACTS AND UNEXPIRED LE**

[**X** ] Check this box if debtor has no executory contracts or unexpired leases.

IN RE: **Figueroa, Liza**                                                    Case #:    **06-11344**

**Debtor**

## S C H E D U L E    H  -  CODEBTORS

[ **X** | Check this box if debtor has no codebtors.

Name & address of Codebtor                                    Name & address of Creditor

Form B6I (Case) Case 06-11344-sr    Doc 14    Filed 04/27/06    Entered 04/27/06 15:38:57    Desc Main
IN RE: **Figueroa, Liza**                    Document      Page 23 of 31        Case #:    **06-11344**

**Debtor**

## S C H E D U L E   I -  CURRENT INCOME OF INDIVIDUAL DEBTOR

| Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | AGE      RELATIONSHIP TO DEBTOR | |
| | | |

| EMPLOYMENT | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Disability** | |
| Name of Employer | | |
| Length of Employment | **13 years** | |
| Address of Employer | | |

| Income per Month | Debtor | Spouse | | |
|---|---|---|---|---|
| 1. Current monthly gross wages, salary, and commissions | **0.00** | **0.00** | | |
| 2. Estimated Overtime | **0.00** | **0.00** | | |
| Subtotal | | | **0.00** | **0.00** |
| Less PAYROLL Deductions  -  (Information contained on Payroll stub) | | | | |
| a.  Withholding | **0.00** | **0.00** | | |
| b.  Payroll Insurance | **0.00** | **0.00** | | |
| c.  Credit Union | **0.00** | **0.00** | | |
| d.  Union Due | **0.00** | **0.00** | | |
| e.  Retirement | **0.00** | **0.00** | | |
| f   Other Deductions | **0.00** | **0.00** | | |
| Subtotal | | | **0.00** | **0.00** |
| TAKE HOME PAY | | | **0.00** | **0.00** |
| Other Income | | | | |
| Business /Profession | **0.00** | **0.00** | | |
| Property | **0.00** | **0.00** | | |
| Interest | **0.00** | **0.00** | | |
| Social Security | **630.00** | **0.00** | | |
| Alimony for Debtor | **0.00** | **0.00** | | |
| Alimony for Dependents | **879.00** | **0.00** | | |
| Pension Plan | **0.00** | **0.00** | | |
| Other Income        **Support Carlos Flemi** | **600.00** | **0.00** | | |
| | **0.00** | **0.00** | | |
| Subtotal | | | **2,109.00** | **0.00** |
| TOTAL ESTIMATED INCOME | | | | |
| TOTAL COMBINED MONTHLY INCOME | **$2,109.00** | | **2,109.00** | **0.00** |

Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

_____

_____

IN RE: **Figueroa, Liza**

Case #:    **06-11344**

**Debtor**

## S C H E D U L E   J  -  CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually or annually to show monthly rate.

[ ]  Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditure labeled "Spouse"

| | | |
|---|---|---|
| Rent or home mortgage payment  ☒  Are real estate taxes included? ☒   Is property insurance included? | | **372.00** |

| | | | |
|---|---|---|---|
| Utilities Electricity | **80.00** | | |
| Gas/Oil | **75.00** | | |
| Water | **65.00** | | |
| Telephone | **40.00** | | |
| Cable | **90.00** | | |
| Sewer | **0.00** | | |
| Trash | **0.00** | | |
| Others | **0.00** | TOTAL Utilities | **350.00** |

| | | | |
|---|---|---|---|
| Home Maintenance (Repair and Upkeep) | **100.00** | | |
| Food | **470.00** | | |
| Clothing | **80.00** | | |
| Laundry and Cleaning | **70.00** | | |
| Medical, dental and medicine (uninsured) | **0.00** | | |
| Transportation (not including auto payments) | **150.00** | | |
| Recreation, clubs and entertainment | **0.00** | | |
| Charitable contributions | **0.00** | TOTAL Other Expense | **870.00** |

| | | | |
|---|---|---|---|
| Insurance (not deducted from wages or included in home mortgage payments) | | | |
| Homeowner's or Renter's | **0.00** | | |
| Life | **0.00** | | |
| Health | **0.00** | | |
| Auto | **0.00** | | |
| Other | **0.00** | TOTAL Insurance Expenses | **0.00** |

| | | | |
|---|---|---|---|
| Taxes  (not deducted from wages or included in home mortgage payments) | **0.00** | | |
| Installment payments: Auto | **0.00** | | |
| Others | **0.00** | | |
| | **0.00** | | |
| Alimony, maintenance, or support payments | **0.00** | | |
| Payments for support of addl. dependents not living at home | **0.00** | | |
| Regular expenses of business/profession/farm | **0.00** | | |
| Education (Including tuition and school books) | **0.00** | | |
| Newspapers, periodicals and books | **0.00** | | |
| Child's day care expenses | **0.00** | | |
| Emergency expenses | **0.00** | | |
| Misc.Payments | **0.00** | | |
| | **0.00** | TOTAL Other Payments | **0.00** |

| | |
|---|---|
| TOTAL ESTIMATED CURRENT MONTHLY EXPENSES (Report also on Summary of Schedules)  >>>>>>>> | **$1,592.00** |

| | | |
|---|---|---|
| A.  Total projected monthly income | **$2,109.00** | |
| B.  Total projected monthly expenses | **$1,592.00** | |
| C.  EXCESS INCOME  (A-B) | **$517.00** | |
| D.  Total Amount to be paid into plan each Month. | **$500.00** | |

IN RE: **Figueroa, Liza**                                    Case #:   **06-11344**

**Debtor**

---

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I Figueroa, Liza                        declare

Under the penalty of perjury that we have read the foregoing schedule and any attachment, consisting of 13 sheets in all, and that they

are true and correct to the best of our knowledge, information and belief.

Date: _____

/S/  **Figueroa,  Liza**
_____
Signature  **Figueroa,  Liza**

Date _____

/S/
_____
Signature

[ If joint case, both spouses must sign.]

---

### CERTIFICATION AND SIGNATURE OF NON ATTORNEY BANK PETITION PREPARER (see 11 U.S.C SEC 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. Sec 110, that I prepared this document for compensation, and

that I have provided the debtor with the copy of this document.

_____                      _____
Printed or Typed Name of the Bankruptcy Preparer                          Social Security #

_____

_____
Address

Name and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the approporiate official form for each

person.

_____                      _____
Signature of Bankruptcy Preparer                                            Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may

result in fines or imprisonment or both. 11 U.S.C. Sec 156

| IN RE: **Figueroa, Liza** | Case #: | **06-11344** |
|---|---|---|
| **Debtor** | | |

---

## STATEMENT PURSUANT TO SECTION 521(2)
## DEBTORS CONSOLIDATED STATEMENT OF INTENTIONS

The Debtors intend to retain all property claimed exempt in Schedule C filed in this case.

## CREDITORS HOLDING SECURITY

The Debotrs intend the following with respect to the collateral that secures each claim of the Creditor(s) named below.

The performance of such intention will be accomplished within forty five (45) days of the date, of filing of this statement

with the court, or within such additional time as the court, for cause, within such 45-day period fixes.

[ ]   None

| Acct: | | Value | **60,000.00** | Amount of Claim | **49,000.00** |
|---|---|---|---|---|---|
| Name: **Washington Mutual Home Loans Inc.** | | Unsecured Amount | **0.00** | Date Claim was Incurred | |
| **11200 West Parkland Ave.** | | Whatfor | **HOME MORTGAGE** | | |
| **Milwaukee WI 53224** | | Nature | | | |
| | | Collateral: | **Residence** | | |
| Memo: | | Intention: | **RETAIN** | | |

| | | |
|---|---|---|
| | Total Secured Debt | **49,000.00** |
| | Total Number of Creditors | **1** |

IN RE: **Figueroa, Liza**                                                                 Case #:    **06-11344**

**Debtor**

---

## STATEMENT PURSUANT TO SECTION 521(2)
## DEBTORS CONSOLIDATED STATEMENT OF INTENTIONS

UNSWORN DECLARATION UNDER PENALTY OF PERJURY OF INDIVIDUAL TO SCHEDULE OF CONSUMER DEBTS SECURED BY PROPERTY

OF THE ESTATE AND NOTICE OF INTENTION.

We the undersigned Petitioners declare under the penalty of perjury that we have read the foregoing Notice of Intentions with respect to

secured debts and that it is true and correct to the best of our knowledge and information and belief.

Signed :   /s/ **Figueroa,  Liza**                                    /s/

**Figueroa,  Liza**

| IN RE: **Figueroa, Liza** | Case #: | **06-11344** |
| --- | --- | --- |
| **Debtor** | | |

## DISCLOSURE OF COMPENSATION

The undersigned stated the following:

1.  The undersigned is the Attorney for the Debtors in this case.

2.  The compensation paid or agreed to be paid by the Debtor to the undersigned is    **$3,500.00** plus filing fee and costs of    **$184.00**

    (a)  for legal services rendered under paragraph 4,

    (b)  prior to filing this statement, Debtor has paid    **$500.00**

    (c)  the unpaid balance due and payable is    **$3,000.00**

3.  **$184.00** for the filing fee in this case has been paid.

4.  The services rendered or to be rendered include the following:

    (a)  Analysis of the financial situation, and rendering advice and assistance to the Debtors in determining whether to file a petition under Title 11 of the United States Code.

    (b)  Preparation and filing of the petition, schedules, statement of affairs and other documents required by the Court.

    (c)  Representation of the Debtors at the first meeting of creditors.

    (d)  Preparation of the creditors mailing list.

    (e)  Representation of the debtor(s) at the hearing on confirmation (if applicable)

5.  All other services rendered including, but not limited to, representation in adversary proceeding, representation at motions to modify or lift stay, other extra services shall be at an hourly rate of    **$200.00** . These additional services shall be subject to and fixed by the order of the court.

6.  The source of payments made by debtor to the undersigned was from earnings/fixed income and compensation for services performed. The source of payments to be made by the debtor to the undersigned for the unpaid balance remaining, if any, will be from earnings/fixed income for services performed.

7.  The undersigned has received no transfer, assignment or pledge of property except as herein stated.

8.  The undersigned has not shared or agreed to share with any other person, other than with members of the undersigned's law firm, any compensation paid or to be paid.

9.  The undersigned certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtors in this bankruptcy proceedings.


Executed on:


Signature: **/s/**    **John H. Croom**
_____

**John H. Croom**                          Court ID

Address    **Attorney At Law**
           **1616 Walnut St.**
           **Suite 1908**
           **Phila., PA 19103**

Tele:      **215-545-3500**

Becket Apocathery
Account Number
1000-4 Chester Pike
Sharon Hill, PA 19079


Chase Manhattan Bank
Account Number
P.O. Box 3529
New Hyde Park, NY 11042


CHILDREN HOPITAL PF PHILADELPHIA
Account Number
34TH AND CIVIC CENTER BLVD
PHILADELPHIA, PA  19104


COMCAST CABLEVISION
Account Number
11400 NE AVENUE
PHILADELPHIA PA  19115-1445


Discover
Account Number
P.O. Box 15162
Wilmington, DE 19850-5162


JC PENNY
Account Number
1120 BOYCE ROAD
PITTSBURGH, PA 15241


MBNA
Account Number
PO BOX 15137
WILMINGYON, DE  19886

NAZARETH HOSPITAL
Account Number
PO BOX 7777W-0475
PHILADELPHIA, PA 19175


Orchard Bank
Account Number
P.O. Box 80084
Salinas CA 93912


Pennsylvania Hospital
Account Number
P.O. Box 7777-W7435
Philadelphia PA 19175


PHILA. PARKING AUTH.
Account Number
913 FILBERT STREET
PHILADELPHIA, PA  19107


R C Services
Account Number
P.O. Box 1638
Mercer Island, WA 98040


St Christoper's Hospital For Childr
Account Number
P.O. Box 641574
Pittsburgh, Pa 15264-1574


VICTORIA'S SECRET
Account Number
PO BOX 65962
SAN ANTONIO, TX 78265

Washington Mutual Home Loans Inc.
Account Number
11200 West Parkland Ave.
Milwaukee WI 53224